UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INTERNATIONAL MEDICAL GROUP, INC., ) <br>     Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> PAUL WALKER and ESSENTIAL HEALTH, ) <br> LTD., ) <br>     Defendants. ) <br> _____ ) <br> ) <br> ESSENTIAL HEALTH, LTD., ) <br>     Counterclaimant, ) <br> ) <br> vs. ) <br> ) <br> INTERNATIONAL MEDICAL GROUP, INC., ) <br>     Counterclaim Defendant. ) <br> ) <br> ) <br> ) | 1:08-cv-0923-LJM-TAB |

## ORDER ON COUNTERCLAIM DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

This matter comes before the Court on plaintiff's/counterclaim defendant's, International Medical Group, Inc. ("IMG"), Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c). Dkt. No. 46. In its Complaint, IMG claimed that defendant/counterclaimant, Essential Health, Ltd. ("Essential"), breached the parties' contract (the "Producer Agreement"). Compl. ¶¶ 29-34. In its Answer, Essential pled, as an affirmative defense, that the Producer Agreement is void. Answer § II, ¶ 2. In addition, Essential brought a Counterclaim under the Declaratory Judgment Act, 28 U.S.C. § 2201, requesting that the Court declare the Producer Agreement void. Answer § III, ¶¶ 22-23.

In support of its Motion for Judgment on the Pleadings, IMG argues that a declaratory judgment would serve no useful purpose in this case because, notwithstanding IMG's breach of contract claim, IMG asserted claims against Essential that do not depend on the enforceability of the Producer Agreement. Specifically, in Counts II through V of IMG's Complaint, IMG asserted claims based on defamation and interference with business relationships. Compl. ¶¶ 29-53.

The Court has wide discretion to abstain from exercising jurisdiction over cases brought under the Declaratory Judgment Act. *A.G. Edwards & Sons, Inc. v. Public Bldg. Com'n of St. Clair County, Ill.*, 921 F.2d 118, 120 (7th Cir. 1990). "[A] declaratory judgment may be refused where it would serve no useful purpose, or would not finally determine the rights of the parties, or where it is being sought merely to determine issues which are involved in a case already pending and can be properly disposed of therein[.]" *Yellow Cab Co. v. City of Chicago*, 186 F.2d 946, 950 (7th Cir. 1951) (internal citations omitted).

Essential argues that there is a "strong possibility that [a declaration from the Court] would dispose of most, if not all, of the issues pending in this case." Dkt. No. 51 at 10. However, after examining IMG's Complaint, the Court concludes that a declaration on the enforceability of the Producer Agreement would not necessarily resolve IMG's other claims. Compl. ¶¶ 18-28. For example, the Court notes that according to IMG's Complaint, Essential made public statements that IMG was involved in theft. *Id.* ¶ 21. This factual allegation has no relation to the enforceability of the Producer Agreement, but may relate to IMG's breach of contract claim, *id.* ¶¶ 12-14, and certainly relates to IMG's interference and defamation claims. Compl. ¶¶ 29-53.

In addition, Essential's argument assumes that the Court will be in a position to consider the enforceability of the Producer Agreement at some earlier date than it will be able to address the other issues raised by IMG's Complaint. Since neither party has moved for judgment on its respective claim or counterclaim, the Court is in no position to make such an assumption. Regardless, if Essential seeks control over the timing of this determination, it can do so through a motion for partial summary judgment on IMG's breach of contract claim. Fed. R. Civ. P. 56.

The Court concludes that Essential's counterclaim for declaratory judgment serves no useful purpose, because "it is being sought merely to determine issues which are involved in a case already pending and can be properly disposed of therein[.]" *Yellow Cab Co.*, 186 F.2d at 120; *see also Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746 (7th Cir. 1987) (affirming the district court's decision to decline to exercise jurisdiction over plaintiff's declaratory judgment action, where defendant subsequently filed an infringement action that involved the same facts, parties, and issues). Accordingly, the Court **DECLINES** to exercise jurisdiction over Essential's Counterclaim for declaratory relief. For this reason alone, plaintiff's/counterclaim defendant's, International Medical Group, Inc., Motion for Judgment on the Pleadings is **GRANTED**. Dkt. No. 46. Essential's Counterclaim is **DISMISSED**.

IT IS SO ORDERED THIS 24th day of March, 2010.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution to:

James Patrick Hanlon
BAKER & DANIELS - Indianapolis
jphanlon@bakerd.com

Ryan Michael Hurley
BAKER & DANIELS - Indianapolis
ryan.hurley@bakerd.com

Carl R. Pebworth
BAKER & DANIELS - Indianapolis
carl.pebworth@bakerd.com

Joseph H. Yeager Jr
BAKER & DANIELS - Indianapolis
jhyeager@bakerd.com

Paul Walker
Managing Director
Essential Health Ltd.
21a Sherborne Road
Yeovil, Somerset, BA21 4HD
United Kingdom
paulwalker@lycos.com

Rafael A. Sanchez
Bingham McHale, LLP
rsanchez@binghammchale.com

Michael Ryan Hartman
Bingham McHale, LLP
mhartman@binghammchale.com

Margaret M. Christensen
Binham McHale, LLP
mchristensen@binghammchale.com