UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| INTERNATIONAL MEDICAL GROUP, INC., ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | | 1:08-cv-923-JMS-TAB |
| ) | | |
| PAUL WALKER and ) | | |
| ESSENTIAL HEALTH LTD., ) | | |
| Defendants. ) | | |

**ORDER**

Plaintiff International Medical Group, Inc. appeared by counsel and Defendant Paul Walker, pro se, appeared by telephone April 27, 2010, for a telephonic status conference. Discussions were held regarding case status, and the Court took several pending motions under advisement. The Court now turns to these motions.

First, the Court took under advisement Defendant Walker's motion to compel. [Docket No. 89.] Walker seeks responses to his requests for production and requests for admission concerning IMG's Florida operations. IMG objects to these requests as irrelevant, arguing that it "is not pursuing in this case any claims against Walker based on the false statements he made about IMG's licensure status in Florida or any other regulatory proceedings concerning that issue." [Docket No. 106 at 1.] Although IMG's claims are not related to Florida, Walker's defenses are. Walker raised defenses of fraud and that the producer agreement terminated because of "suspension, revocation or termination of IMG's (or its insurers') license to transact insurance in the state of Florida and/or due to Florida's issuance of a cease and desist order." [Docket No. 25 at 19–20.] Florida-related information is therefore relevant to Walker's defenses and must be produced.

IMG also objected that Walker's requests sought information "not limited to a relevant time period of this case." [Docket No. 89, Ex. 10.] As Walker notes, information predating the producer agreement is relevant to IMG's knowledge entering into that agreement. [Docket No. 89 at 5.] Therefore, within thirty days IMG must respond with relevant information predating the producer agreement by up to one year.[1]

Second, the Court took under advisement IMG's request for attorney's fees in connection with its motion to compel [Docket No. 80] pending the District Judge's decision on Defendant Walker's motions for reconsideration. [Docket Nos. 82, 84, 88.] As those motions remain pending, the Magistrate Judge likewise keeps Plaintiff's request for attorney's fees under advisement.

Third, the Court took under advisement Plaintiff's motion for extension of time to respond to the motion to compel and the motion to issue letter rogatory. [Docket No. 92.] Because Plaintiffs have already responded to these items [Docket Nos. 106–07], the Court denies this motion as moot.

---

[1] Walker requests that IMG provide a full privilege log. [Docket No. 89 at 8.] In its response brief, IMG objected to logging privileged communications regarding what it saw as irrelevant Florida information. [Docket No. 106 at 4.] Because the Court concludes that the Florida information is relevant, IMG must include it in its privilege log.

Walker also requests attorney's fees and reasonable expenses incurred in bringing his motion to compel. [Docket No. 89 at 9.] Because Walker is not an attorney, he has incurred no attorney's fees. And Walker has not set out any expenses incurred. The Court therefore denies his request for attorney's fees and reasonable expenses.

Finally, the Court extends the cutoff for nonexpert and liability discovery from May 31, 2010, to August 31, 2010, and recommends a four-day jury trial setting no earlier than November 2010.

Dated:  06/21/2010

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

James Patrick Hanlon
BAKER & DANIELS - Indianapolis
jphanlon@bakerd.com

Ryan Michael Hurley
BAKER & DANIELS - Indianapolis
ryan.hurley@bakerd.com

Carl R. Pebworth
BAKER & DANIELS - Indianapolis
carl.pebworth@bakerd.com

Joseph H. Yeager Jr
BAKER & DANIELS - Indianapolis
jhyeager@bakerd.com

PAUL WALKER
21a Sherborne Road, Yeovil B21 4HD
United Kingdom

Pro Se Administration