UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INTERNATIONAL MEDICAL GROUP, INC., )<br>        Plaintiff, )<br>)<br>  vs. )<br>)<br>ESSENTIAL HEALTH, LTD. and PAUL )<br>WALKER, )<br>        Defendants. ) | 1:08-cv-923-JMS-TAB |

**REPORT AND RECOMMENDATION**

Pending before the Court are several motions resulting from the fallout of a discovery dispute. First, IMG seeks $8,879 in attorney's fees incurred in bringing a successful motion to compel against Defendants Essential Health, Ltd. and Paul Walker. In granting IMG's motion to compel, the Court kept IMG's request for attorney's fees under advisement until Defendants' response and the District Judge's ruling on Defendant Walker's motions for reconsideration. The District Judge recently denied Defendant Walker's motions for reconsideration [Docket No. 121], and the undersigned recommends that IMG's request for attorney's fees be granted in part.

Rule 37(a)(5)(A) requires that attorney's fees be awarded to a party bringing a successful motion to compel unless the opposing party's conduct was substantially justified or an award would be unjust. Defendant Essential Health, Ltd., currently without counsel, has not opposed IMG's request for attorney's fees, and Defendant Walker has not demonstrated that his conduct was substantially justified or that an award would be unjust. Instead, Walker argues generally that an award to IMG is inappropriate—and that IMG should be sanctioned—because IMG's counsel "have not provided any evidence of competency" and "have consistently mislead [sic] the Court, with flawed reasoning, parsed extracts from the laws, and statements that do not

present the true circumstances." [Docket No. 83.] Walker's strong accusations lack evidentiary support. Moreover, although Walker continues to argue that the Data Protection Act prohibits disclosure, this argument is without merit and was rejected in the undersigned's January 4, 2010, order and on reconsideration. Under these circumstances, an attorney's fees award is appropriate.

Walker does not object to the hourly rates or time entries submitted by Plaintiff's attorneys. Nevertheless, the Court declines to award fees based on the hourly rates claimed by Plaintiff's counsel. Although both Jay Yeager and Ryan Hurley are fine attorneys, the hourly rates they claim—$495 to $520 and $315 to $340, respectively—exceed the rates generally awarded to other counsel in this district.[1] A more reasonable hourly rate is $375 for Yeager, who is the partner and has supervised this litigation, and $250 for Hurley, an experienced, senior associate. After recalculating Plaintiff's attorney's fees using these hourly rates, the undersigned recommends that Defendants Essential Health and Walker be responsible jointly and severally for Plaintiff's attorney's fees in the amount of $3,775 (the amount attributable to IMG's motion to compel against them both), and that Defendant Walker be individually responsible for Plaintiff's attorney's fees in the additional amount of $2,900 (the amount attributable to his motion for reconsideration which was not joined by Defendant Essential Health).

Second, Defendant Walker petitioned the presiding judge to issue letters of rogatory.

---

[1] *E.g.*, *Murray v. Conseco, Inc.*, No. 1:03-cv-1701-LJM-JMS, 2009 WL 363803, at *5 (S.D. Ind. Feb. 6, 2009) (reducing counsel's hourly rates from $580 for partners and $500 for associates to $360 and $245, respectively); *Wickens v. Shell Oil Co.*, 569 F. Supp. 2d 770, 793 (S.D. Ind. 2008) (awarding fees in environmental law case based on hourly rate of $285); *Bartlett v. Batesky*, No. 1:07-cv-0452-LJM-WTL, 2007 WL 3171431, at *2 (S.D. Ind. Oct. 26, 2007) (awarding fees based on hourly rates of $410, $350, and $165, and finding that $410 was justified given counsel's "reputation in the community").

[Docket Nos. 88, 100 (identical petitions).]  Walker wants the Court to issue letters of request to the courts of the United Kingdom to allow them to clarify how the Data Protection Act applies in this case.  As previously noted, the Magistrate Judge has already concluded that the Data Protection Act does not apply to Walker [Docket No. 72], and the District Judge has denied Walker's motions for reconsideration of that conclusion.  [Docket No. 121.]  As IMG points out, this Court is able to apply foreign law, and Walker failed to cite any foreign precedent before this Court ruled on IMG's motion to compel.  [Docket No. 107 at 5.]  At this point, Walker is merely seeking more bites of the Data Protection Act apple, and the Magistrate Judge therefore recommends that his petitions be denied.

For the above reasons, the Magistrate Judge recommends that IMG's request for attorney's fees [Docket No. 80] be granted in part, with Defendants Essential Health and Paul Walker to be jointly and severally responsible for $3,775 of the award, and Defendant Walker to be individually responsible for an additional $2,900, and that Walker's petitions for letters rogatory [Docket Nos. 88, 100] be denied.  Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1), and failure to file timely objections within the fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated:  07/16/2010

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

James Patrick Hanlon
BAKER & DANIELS - Indianapolis
jphanlon@bakerd.com

Ryan Michael Hurley
BAKER & DANIELS - Indianapolis
ryan.hurley@bakerd.com

Carl R. Pebworth
BAKER & DANIELS - Indianapolis
carl.pebworth@bakerd.com

Joseph H. Yeager Jr
BAKER & DANIELS - Indianapolis
jhyeager@bakerd.com

PAUL WALKER
21a Sherborne Road, Yeovil B21 4HD
United Kingdom

Pro Se Administration