UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| INTERNATIONAL MEDICAL GROUP, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:08-cv-923-JMS-TAB |
| | ) | |
| PAUL WALKER and ESSENTIAL HEALTH LTD., | ) ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S MOTION TO COMPEL**

**I.     Introduction**

A client waives the attorney-client privilege by using counsel to perpetuate fraud. Plaintiff suspects discovery fraud in this case and moved to compel Defendants' communications with former counsel. [Docket No. 185.] Because Plaintiff has made a prima facie showing that Defendants withheld relevant documents in discovery responses signed by counsel,[1] the Court finds a limited privilege waiver and orders Defendants to produce documents as described below.

**II.    Background**

Plaintiff International Medical Group, Inc. brought this lawsuit on July 9, 2008, alleging that Defendants Paul Walker and Essential Health, Ltd. conspired with former IMG insured Jonathan Bond[2] to defame Plaintiff and tortiously interfere with its business relationships by,

---

[1]Plaintiff explicitly does not allege that Defendants' former counsel knowingly engaged in fraud. [Docket No. 186 at 2 n.1.]

[2]Plaintiff's troubles with Bond were the subject of another lawsuit in this district which resulted in a judgment against Bond of $15,679,135.22. *Int'l Med. Group, Inc. v. Jonathan Bond*, No. 1:05-cv-0438-DFH-VSS (S.D. Ind. Jan. 27, 2006).

among other things, communicating false information through several websites. On July 22, 2008, Plaintiff wrote Defendants to remind them of their duty to preserve electronic evidence. [Docket No. 186, Ex. A.] Plaintiff served discovery requests on January 5, 2009, but Defendants—represented by Bingham McHale—responded that they were unable to locate many responsive documents, such as documents relating to the websites and communications with particular persons. [Docket No. 186, Ex. B.] Defendants also represented that they "did not retain copies" of any communications about IMG with Bond except those already produced. [Docket No. 186, Ex. C at 3–4.] On February 17, 2009, Defendants informed Plaintiff that "[w]ith respect to communications between Defendants and Mr. Bond, Mr. Smith and Chuck Bortell over Instant Messenger, VOIP or phone, please note that Defendants do not possess any records beyond the information/documents already provided." [Docket No. 186, Ex. D at 3 (footnote omitted).] Defendants also explained that their hard drive failed and had to be replaced in October 2008, but that they were attempting to retrieve information from the new hard drive to which data had been transferred. [*Id.*]

As discovery progressed, Plaintiff became concerned that Defendants were withholding documents and filed a motion to compel, which the Court granted. [Docket Nos. 67, 72.] On January 19, 2010, Defendant Walker—now pro se—filed a memorandum supporting his request for reconsideration of the Court's order. [Docket No. 76.] Part of Walker's rationale was that he had

> at most, only tangential knowledge as a peripheral observer of the legal conflicts involving the Plaintiff and government insurance regulators . . . . Consequently, in accordance with its standard business practices, the vast preponderance of any documents that may have wafted by the peripheral by-stander, Paul Walker—would have probably been destroyed long before this legal action was instigated by the Plaintiff.

[*Id.* at 5–6.] On February 22, 2010, Walker submitted a sworn statement that he could "confirm that electronic searches have been made" for several keywords and phrases, including "Brougher" and "Jon Bond." [Docket No. 84, Ex. 1.] Walker did not specify on what data these searches were performed.

Eventually, Defendants allowed IMG to image the new hard drive. IMG discovered what it characterizes as "many responsive and damaging documents, which Defendants had failed to produce and of which they had denied the very existence." [Docket No. 186 at 3.] These documents—some postdating Plaintiff's preservation letter and others containing search terms—included the following:

- A May 26, 2009, email from Paul Walker to "John" asking for assistance accessing the domain name settings for www.unlicensed.biz to use as "part of my legal case against IMG who are coming down on me for this" [Docket No. 186, Ex. Q]

- A January 14, 2009, email from Paul Walker to Chuck Bortell entitled "Email Concerns..." and asking, among other things, when Bond's blog was taken down and when "unlicensed.biz" was made public. [Docket No. 186, Ex. G]

- A June 19, 2008, email from Paul Walker to "Adminus Diabolus" noting that his "name and email address are showing up on the WHOIS listings" for unlicensed.biz, and Walker's belief that "I will be killed for this" [Docket No. 186, Ex. H]

- A September 8, 2006, email from Paul Walker to Jonathan Bond containing a draft article about "the IMG scenario" that Walker was hoping to publish soon and link to Bond's blog [Docket No. 186, Ex. F]

- A June 30, 2006, email from Paul Walker to Jonathan Bond referencing the "demise of Joe Brougher," IMG's president [Docket No. 186, Ex. E]

- A January 17, 2006, email from Paul Walker to Jonathan Bond discussing Bond's draft of "Open Questions for Joe Brougher." [Docket No. 186, Ex. K]

Plaintiff then sought communications between Defendants and their former counsel, Bingham McHale and Daniel Ferrer, about preservation or production of documents. Defendants and Bingham McHale objected on attorney-client privilege grounds, prompting this motion to compel.

**III.    Discussion**

Plaintiff seeks two categories of documents from Defendants and Bingham McHale. First, Plaintiff requests documents about "Defendants' efforts to locate documents," which Plaintiff argues are not privileged because they relate only to search mechanics. Second, Plaintiff requests communications between Defendants and Bingham McHale, which Plaintiff argues are no longer privileged "because Defendants used Bingham McHale to perpetuate a fraud on the Court." [Docket No. 186 at 7.]

    *A.    Search-related documents*

The parties, citing *In re Feldberg*, 862 F.2d 622, 627 (7th Cir. 1988), agree that communications with counsel about counsel's mechanical role in responding to discovery may not be privileged. But Defendants' response—joined by Bingham McHale [Docket No. 193]—states, "In this case, at all times Bingham was purely serving in an advisory role. Bingham was never a records custodian for Defendants and had no responsibilities to search for documents or to gather relevant documents other than through its role as advising legal counsel." [Docket No. 189 at 6.] Given this representation, the Court will not order production of any attorney-client communications on the basis that they are merely search related.

4

B.  *Waiver of attorney-client privilege*

Next, Plaintiff argues that Defendants waived the attorney-client privilege by using the attorney-client relationship to engage in discovery fraud.  [Docket No. 186 at 7.]  Plaintiff asserts that fraud may be inferred from the circumstances: Defendants, in discovery responses through their attorneys, swore that they did not retain relevant documents, but Plaintiff's preliminary search of the replacement hard drive revealed at least hundreds of new, relevant documents.  Defendants respond that they did not engage in any discovery misconduct and that they were forthcoming with Plaintiff about the hard drive failure and possible existence of additional relevant information.

Use of counsel to perpetuate fraud waives the attorney-client privilege.  *1100 West, LLC v. Red Spot Paint & Varnish Co., Inc.*, No. 1:05-cv-1670-LJM-JMS, 2009 WL 232060, at *4 (S.D. Ind. Jan. 30, 2009).  A party seeking waiver on this basis must provide prima facia evidence of fraud.  *Id.*  In *Red Spot*, the court found such a showing where a party repeatedly asserted that certain chemicals were never found on its property, despite later discovery of many documents showing the chemical's possible presence.  *Id.* at *4–5.

In this case, the parties submit competing versions of what occurred, and the Court cannot conclude that there has been a violation as egregious as the one in *Red Spot*.  Nevertheless, Defendants' suggestion that they have been completely forthcoming is unconvincing.  Many documents found on the hard drive challenge Defendants' representations that they had not retained copies of certain communications, and particularly belie Walker's self-characterization as a peripheral observer by whom documents may have merely "wafted."  The Court therefore concludes that Plaintiff has made a prima facie showing of fraud and that

Defendants have waived the attorney-client privilege to the extent their communications with counsel involve preservation, destruction, or location of documents, or discussions of discovery obligations. The Court limits Plaintiff's discovery requests accordingly, and Defendants shall provide the following categories of documents to Plaintiff within 28 days of this order:

1. All documents relating to communications among Bingham McHale, Defendants, or Daniel Ferrer regarding Defendants' preservation of documents.

2. All documents relating to communications among Bingham McHale, Defendants, or Daniel Ferrer regarding Defendants' destruction of documents.

3. All documents relating to communications among Bingham McHale, Defendants, or Daniel Ferrer regarding Defendants' ability to locate documents on Defendants' hard drives or other electronic storage media.

4. All documents relating to communications among Bingham McHale, Defendants, or Daniel Ferrer regarding Defendants' efforts to locate documents responsive to any of Plaintiff's discovery requests.

5. All documents relating to communications among Bingham McHale, Defendants, or Daniel Ferrer regarding Defendants' discovery obligations under the Federal Rules of Civil Procedure or any Court order in this action.

**IV.    Conclusion**

Plaintiff's motion to compel is granted in part. [Docket No. 185.] Defendants shall provide Plaintiff with the documents described above within 28 days of this order.

Dated:    05/09/2011

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Tracy Nicole Betz
TAFT STETTINIUS & HOLLISTER LLP
tbetz@taftlaw.com

Margaret M. Christensen
BINGHAM MCHALE LLP
mchristensen@binghammchale.com

James Patrick Hanlon
BAKER & DANIELS - Indianapolis
jphanlon@bakerd.com

Ryan Michael Hurley
BAKER & DANIELS - Indianapolis
ryan.hurley@bakerd.com

Fred Anthony Paganelli
TAFT STETTINIUS & HOLLISTER LLP
paganelli@taftlaw.com

Carl R. Pebworth
BAKER & DANIELS - Indianapolis
carl.pebworth@bakerd.com

Joseph H. Yeager Jr
BAKER & DANIELS - Indianapolis
jhyeager@bakerd.com