UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| INTERNATIONAL MEDICAL GROUP, INC., | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs.* | ) | 1:08-cv-0923-JMS-TAB |
| | ) | |
| PAUL WALKER AND ESSENTIAL HEALTH LTD., | ) | |
|     *Defendants.* | ) | |

**ENTRY**

During the past week, Defendant Paul Walker[1] has faxed numerous documents to the Court. The Court will address those documents, Mr. Walker's method of service, and the upcoming final pretrial conference herein.

**A. Documents Received June 16, 2011**

On June 16, 2011, Defendant Paul Walker faxed four documents to the Court, including motions in limine asking the Court to exclude references to two prior cases to which Mr. Walker was not a party (attached as "Exhibit A" and "Exhibit B," respectively); a letter objecting to proposed jury instructions (attached as "Exhibit C"); and a motion challenging the subject matter jurisdiction of this Court (attached as "Exhibit D").

Local Rule 5.1(c) provides that the Court does not accept facsimile filings, except upon a finding of compelling circumstances warranting such method of filing. Additionally, this Court's Pro Se Handbook expressly provides that "under the Local Rules filing by fax is not permitted without prior court authorization." Pro Se Handbook at 10, *available at*

---

[1] Mr. Walker has been made aware numerous times that he cannot represent Defendant Essential Health, Ltd. because a corporation must be represented by counsel, and Mr. Walker is not an attorney. [Dkts. 215; 225; 230.] Therefore, Mr. Walker's requests are considered to be solely on his own behalf as an individual defendant.

www.insd.circ7.dcn ("Publications/Forms" --- "Pro Se Handbook").  It also provides that all motions "must comply with the Local Rules or the Court may 'strike' or disregard them."  *Id.* at 9.

Mr. Walker has not complied with the applicable local rules by filing these documents with the Court by facsimile.  Additionally, Mr. Walker has not received prior authorization to file documents by facsimile.  The fact that Mr. Walker is proceeding pro se does not excuse his failure to comply with procedural rules.  *McMasters v. United States*, 260 F.3d 814, 818 (7th Cir. 2001).  Therefore, the Court strikes the documents Mr. Walker faxed to the Court on June 16, 2011, attached as Exhibits A through D.[2]

### B.  The Court's Jurisdiction Over this Litigation

Although the documents referenced above are not part of the record, the Court notes that one of them purports to challenge the Court's subject matter jurisdiction.  The Court has an independent duty to determine whether jurisdiction exists over a case.  *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007).  Therefore, the Court will review its jurisdiction over the matter at hand to confirm that it is acting within the scope of its powers.

Subjects of a foreign state are considered diverse from citizens of a state in the United States of America.  28 U.S.C. § 1332(a)(2).  Therefore, the Court can exercise diversity jurisdiction pursuant to § 1332(a)(2) over a suit between a citizen of a state and citizens of a foreign country when the matter in controversy exceeds the jurisdictional amount.  *Extra Equipamentos E Exportacao Ltda. v. Case Corp.*, 541 F.3d 719, 721 (7th Cir. 2008).

Plaintiff International Medical Group, Inc. ("IMG") is an Indiana citizen.  [Dkt. 1 at 1 ¶ 2.]  Defendant Paul Walker is a subject of the United Kingdom, and Defendant Essential Health, Ltd. ("Essential Health") is a corporation organized under the laws of the United Kingdom with

---

[2] The striking of Mr. Walker's motions in limine is without prejudice to his right to make any evidentiary objections at trial.

its principal place of business in the United Kingdom. [*Id.* at ¶¶ 3-4; dkt. 25 at 2 ¶¶ 3-4.] The amount in controversy exceeds $75,000, exclusive of interest and costs. [Dkt. 1 at 2 ¶ 6.] Therefore, the Court concludes that it can exercise diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(2).

Although the Court strikes Mr. Walker's facsimile regarding jurisdiction, a brief word about the contents of that document is necessary. Mr. Walker bases his jurisdictional challenge on his belief that the Court improperly exercised jurisdiction over *International Medical Group, Inc., et al. v. Jonathan Bond*, Cause No. 1:05-cv-0438-RLY-JMS ("Bond"). Therefore, Mr. Walker asks this Court to dismiss the Bond litigation and vacate all judgments rendered therein. Final judgment was entered in favor of Plaintiffs and against the Defendant in Bond in January 2006. [Dkt. 1:05-cv-0438-RLY-JMS 44.] Mr. Walker was not a party to Bond.

Mr. Walker does not allege that the Court lacks jurisdiction over this case; instead, he focuses his entire argument on the Court's jurisdiction in Bond. The Court cannot consider Mr. Walker's post-judgment challenge to the jurisdiction in Bond because Mr. Walker lacks standing to make that argument. He was not a party to that case and has not shown how the judgment in that litigation affects the claims at issue herein. *See Marozsan v. United States*, 90 F.3d 1284, 1288 (7th Cir. 1996) (to establish standing a party must, among other things, have suffered an injury in fact, which is defined as an invasion of a legally-protected interest that is actual or imminent, not conjectural or hypothetical). Moreover, Mr. Walker attempted to intervene years after final judgment in the Bond litigation, but his request was denied, in part, because that Court concluded he lacked standing. [1:05-cv-0438-RLY-JMS Dkt. 76.] If he disagreed with that ruling, his remedy was to seek an appeal to the Seventh Circuit; this Court has no appellate jurisdic-

tion to review a decision of another district judge. *See Devlin v. Scardelletti*, 536 U.S. 1, 17 (2002) (holding that a district court's denial of a motion to intervene is appealable).

Because Mr. Walker was not a party to Bond and has not articulated how the judgment in that case injures him in this litigation, the Court cannot address his jurisdictional concerns with that case.

**C. Document Received June 22, 2011**

On June 22, 2011, Mr. Walker faxed a letter to the Court requesting leave to file documents by fax and to appear telephonically at the final pretrial conference on June 23, 2011 (attached as "Exhibit E").

The Court finds that based on the representations made in his letter of June 22, 2011, Mr. Walker has shown compelling circumstances to permit him to file documents in this case by fax to **317-229-3678**. Documents filed by fax before that time (as discussed above) are stricken and will not be considered, as they were faxed without prior Court authorization. The Court reminds Mr. Walker, however, that with this permission comes responsibility. Mr. Walker is responsible for monitoring filings on the PACER system. Given the brief amount of time before trial, Mr. Walker cannot be granted any leniency with respect to timing or deadlines. Mr. Walker is responsible for timely faxing documents to comply with all deadlines imposed by the Court, the Federal Rules of Civil Procedure, and the Local Rules.[3] Mr. Walker is responsible for communicating with counsel for Plaintiff IMG to determine whether IMG objects to requests that require Mr. Walker to make note of an opposing parties' consent or objection. Mr. Walker is responsi-

---

[3] Mr. Walker's letter references his intention to fax a "Trial Brief and other associated and supporting documents" later today. Pursuant to the parties' case management plan, [dkts. 31 at 10; 36], trial briefs were due two weeks before the final pretrial conference—June 9, 2011. Untimely filings will not be considered. The parties were reminded of those deadlines by docket 179, issued December 10, 2010.

ble for communicating with counsel for Plaintiff IMG when the Court orders the parties to submit joint filings. Mr. Walker is responsible for serving Plaintiff IMG, by counsel, by fax or email so that it will simultaneously receive his filings when the Court does. **If Mr. Walker violates these conditions or the Court determines that he is abusing this privilege, it will terminate permission for him to file documents by fax.**

The Court grants Mr. Walker's request to appear telephonically at the final pretrial conference, which is set for 10:00 a.m. EDT on Thursday, June 23, 2011. **Mr. Walker is responsible for calling 317-229-3670 at least ten minutes before the hearing.** If Mr. Walker fails to do so, he will not be allowed to participate telephonically at the final pretrial conference. Mr. Walker will not be allowed to appear telephonically at the upcoming trial or any additional pretrial conferences the Court holds before trial.

06/22/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via Mail only:**

Paul Walker
21a Sherborne Road
Yeovil, Somerset BA21 4HD
UK

Essential Health Ltd.
19 Sherborne Road
Yeovil, Somerset BA21 4HD
UK

**Distribution via ECF only:**

Margaret M. Christensen

BINGHAM MCHALE LLP
mchristensen@binghammchale.com

James Patrick Hanlon
BAKER & DANIELS - Indianapolis
jphanlon@bakerd.com

Ryan Michael Hurley
BAKER & DANIELS - Indianapolis
ryan.hurley@bakerd.com

Carl R. Pebworth
BAKER & DANIELS - Indianapolis
carl.pebworth@bakerd.com

Joseph H. Yeager Jr
BAKER & DANIELS - Indianapolis
jhyeager@bakerd.com