UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INTERNATIONAL MEDICAL GROUP, INC., )<br>    *Plaintiff*, )<br>)<br>    *vs.* )<br>)<br>PAUL WALKER AND ESSENTIAL HEALTH )<br>LTD., )<br>    *Defendants.* ) | 1:08-cv-0923-JMS-TAB |

### **ENTRY**

On June 29, 2011, the Court received copies in the mail of various filings that Mr. Walker had previously faxed to the Court and which already appear on the docket. [Dkts. 231-5; 232; 232-3; 232-2; 232-1; 230-1.] The Court has already addressed the matters Mr. Walker presents in these filings and will not address them further.

Also on June 29, 2011, the Court received a Final Exhibit List from Mr. Walker. [Dkt. 258.] This Final Exhibit List is different from previous exhibit lists Mr. Walker has presented to the Court. [*See* dkts. 232-3; 247.] Mr. Walker's final exhibit list was due by June 9, 2011, and because Mr. Walker has not sought leave to file a belated exhibit list, the Final Exhibit List docketed at 258 is not accepted as effective. [*See also* dkt. 248.]

The Court also received "the balance of [Mr. Walker's] Exhibits" with a letter dated June 28, 2011. [Dkts. 258-1 (letter); 259 (exhibits).] At the final pretrial conference the Court ordered Mr. Walker to seek leave to file documents for which the deadline had passed by June 27, 2011 if he intended to do so. [Dkt. 242 at 3.] Not only did Mr. Walker not ask for leave to file these documents, the documents in docket 259 were mailed to and received by the Court after the June 27, 2011 deadline. The Court has docketed these filings because Mr. Walker mailed them to the Court; however, because no leave was sought to file these belated documents, they are not

accepted as effective. Out of an abundance of caution, the Court has docketed the exhibits Mr. Walker filed under seal. [Dkt. 259.] Plaintiff International Medical Group, Inc. has until **July 8, 2011** to show cause why the seal should not be lifted.

In a letter dated June 30, 2011 Mr. Walker mailed to the Court a copy of a subpoena for Joseph Logan Brougher that he apparently served on IMG's counsel, and a $45 money order. [Dkts. 258-2; 258-3.] Mr. Walker's letter informs the Court that he is "unable to determine if there are any other necessary fees related to issuing the subpoena to a party" and requests the Court to "be so kind as to communicate this to me so I may address it immediately." [Dkt. 258-2.] While Court cannot provide legal advice to Mr. Walker, see *Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."), the Court will treat Mr. Walker's subpoena and money order as a request for issuance of a subpoena pursuant to Federal Rule of Civil Procedure 45(a)(3). The Court **ORDERS** IMG to provide notice by **July 7, 2011** if it will accept service on behalf of Mr. Brougher.

07/05/2011

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via Mail only:**

Paul Walker
21a Sherborne Road
Yeovil, Somerset BA21 4HD
UK

Essential Health Ltd.
19 Sherborne Road

Yeovil, Somerset BA21 4HD
UK

**Distribution via ECF only:**

Margaret M. Christensen
BINGHAM MCHALE LLP
mchristensen@binghammchale.com

James Patrick Hanlon
BAKER & DANIELS - Indianapolis
jphanlon@bakerd.com

Ryan Michael Hurley
BAKER & DANIELS - Indianapolis
ryan.hurley@bakerd.com

Carl R. Pebworth
BAKER & DANIELS - Indianapolis
carl.pebworth@bakerd.com

Joseph H. Yeager Jr
BAKER & DANIELS - Indianapolis
jhyeager@bakerd.com