UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

INTERNATIONAL MEDICAL GROUP, INC., )
    *Plaintiff*, )
     )
*vs.* )    1:08-cv-923-JMS-TAB
     )
PAUL WALKER, *et al.*, )
    *Defendants.* )
     )

## ORDER

Presently pending before the Court is Plaintiff International Medical Group, Inc.'s ("IMG") Motion for Default as to Defendants Paul Walker and Essential Health, Ltd. [Dkt. 226.]

**A. Essential Health, Ltd.**

This case is set for a jury trial beginning July 18, 2011. Defendant Essential Health, Ltd. ("Essential Health") is currently unrepresented. Corporations cannot appear *pro se*. *Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir. 2008).

Essential Health has been twice ordered to obtain counsel or to show cause why an entry of default should not be entered against it. [Dkts. 215; 225.] Essential Health has not responded to either of these orders.[1] Because Essential Health has not obtained counsel or responded to either of the Court's show cause orders, the Court **GRANTS** IMG's Motion for Default with respect to Essential Health and enters **DEFAULT JUDGMENT** with respect to IMG's claims against Essential Health.

---

[1] Defendant Paul Walker's filings are insufficient to discharge the show cause order because Mr. Walker is not an attorney and cannot represent Essential Health, as the Court has repeatedly reminded Mr. Walker. [*See, e.g.*, dkt. 230 at 1].

- 1 -

### B. Paul Walker

IMG asks this Court to enter default judgment against Mr. Walker because he allegedly engaged in discovery fraud, he ignored various pretrial obligations, and he has failed to comply with multiple discovery orders.

The Court finds that Mr. Walker has failed to comply with various pretrial deadlines. Pursuant to the parties' case management plan, two weeks before the final pretrial conference Mr. Walker was to file, among other things, a list of witnesses expected to be called to testify at trial, a list of exhibits, and any depositions he intended to offer into evidence at trial. [Dkt. 31 at 9-10.] The parties were reminded in advance of these deadlines. [Dkt. 179.]

Mr. Walker failed to file any of these documents by the June 9, 2011 deadline. At the final pretrial conference, the Court informed Mr. Walker that if he was seeking to file any documents belatedly, he could request leave to do so. [Dkt. 242.] Mr. Walker did not request leave to do so. [Dkt. 248.] Instead he simply filed, and later amended, those lists.

Federal Rule of Civil Procedure 16(f) provides that the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party fails to obey a scheduling or other pretrial order. Rule 37(b)(2)(A)(ii) provides that the Court may prohibit the disobedient party from supporting or opposing the designated claims or defenses or from introducing designated matters in evidence. The fact that Mr. Walker is proceeding *pro se* does not excuse his failure to comply with procedural rules. *McMasters v. United States*, 260 F.3d 814, 818 (7th Cir. 2001).

Because Mr. Walker has failed to comply with the Court's pretrial deadlines, even after being informed that he could seek leave to belatedly file such documents (at which point the Court could have heard the merits of any claim that relief from the deadlines was in the interest

of justice), the Court imposes sanctions pursuant to Rule 37(b)(2)(A)(ii) and concludes that Mr. Walker will not be allowed to present any witnesses or documents at trial that are not listed on IMG's Final Witness or Exhibit Lists, [dkts. 221; 223], as well as any amendment thereto necessitated by Mr. Walker's tardy discovery responses. Additionally, Mr. Walker will be able to call himself as a witness, should he choose to do so. IMG can suffer no prejudice from the limits prescribed above.

### C. Alleged Discovery Violations

IMG requests that this Court enter default judgment against Mr. Walker because he allegedly engaged in discovery fraud. The Court refers IMG's request to Magistrate Judge Baker because he is familiar with the parties' previous discovery disputes and can determine whether Mr. Walker should be subject to sanctions for his alleged conduct.

Because the Court has referred a portion of IMG's Motion for Default to Magistrate Judge Baker, the Clerk should not terminate the motion at docket 226 on CM/ECF.

07/05/2011

*Signature*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via Mail only:**

Paul Walker
21a Sherborne Road
Yeovil, Somerset BA21 4HD
UK

Essential Health Ltd.
19 Sherborne Road
Yeovil, Somerset BA21 4HD

UK
**Distribution via ECF only:**

Margaret M. Christensen
BINGHAM MCHALE LLP
mchristensen@binghammchale.com

James Patrick Hanlon
BAKER & DANIELS - Indianapolis
jphanlon@bakerd.com

Ryan Michael Hurley
BAKER & DANIELS - Indianapolis
ryan.hurley@bakerd.com

Carl R. Pebworth
BAKER & DANIELS - Indianapolis
carl.pebworth@bakerd.com

Joseph H. Yeager Jr
BAKER & DANIELS - Indianapolis
jhyeager@bakerd.com