UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

INTERNATIONAL MEDICAL GROUP, )
INC., )
 )
 Plaintiff, )
 )
 v. ) CASE NO. 1:08-cv-00923-JMS-TAB
 )
PAUL WALKER, )
ESSENTIAL HEALTH LTD., )
 )
 Defendants. )

**ORDER ON MOTION FOR DEFAULT AS TO DEFENDANT PAUL WALKER**

Plaintiff International Medical Group, Inc. filed a motion for default against the Defendants. [Docket No. 226.] The District Judge granted the Plaintiff's motion as to Defendant Essential Health, given its repeated failures to obtain counsel or respond to show cause orders. [Docket No. 261 at 1.] The District Judge also sanctioned Defendant Paul Walker by severely limiting the evidence he could present at trial because of his failure to comply with various pretrial deadlines. [*Id*. at 2.] However, given the undersigned's familiarity with the discovery disputes that have contributed to the pending motion for default, the District Judge referred to the Magistrate Judge the question of whether default should be entered against Walker. [Docket No. 261 at 3.]

In its reply brief, Plaintiff notes "Actions speak louder than words." [Docket No. 249 at 1.] The Court does not dispute this truism, but notes that the words set forth in the parties' briefs speak volumes. Plaintiff accuses Walker (and his co-Defendant) of not respecting the legal

system or this Court, of lying under oath, of materially violating discovery obligations and Court orders, and otherwise attempting to make a sham of the legal system. [Docket No. 229 at 1, 4–6.] Walker counters that Plaintiff's allegations are unfounded and refers to the "cloud of toxic ethical violations by officers-of-the-court." [Docket No. 243 at 1.] Walker contends that it is the Plaintiff that has knowingly committed discovery fraud, and threatens that he is preparing a Rule 11 motion. [Docket No. 244 at 3, 8.]

The foregoing accusations are unfortunate on a variety of levels, including the fact that the parties should be spending their time focusing on the merits of the case and preparing for the July 18 trial rather than firing barbs at each other. But having managed (with varying degrees of success) the various discovery and related pretrial disputes that have pockmarked this litigation, a few observations are in order as they relate to Plaintiff's effort to default Walker. First, there can be little dispute that Walker was not completely forthcoming in responding to Plaintiff's discovery requests, including both his interrogatory responses and his response to document requests. Walker admitted as much in his deposition. [Docket No. 229 at 6–7.]

The easy conclusion to reach—and the one seized upon by the Plaintiff—is that Walker has intentionally violated multiple discovery orders, thereby making default appropriate. At the same time, however, the Court cannot overlook the practical difficulties associated with this litigation. Essential Health lost its counsel and abandoned any defense, resulting in a default against it. Walker has been represented by multiple law firms, and is now proceeding pro se. Walker resides in the United Kingdom, which has further complicated this litigation and related discovery issues.

Plaintiff appropriately points out that its forensics computer expert purportedly

2

uncovered a wealth of documents from Defendants' hard drives that were potentially relevant to this litigation but not produced. [Docket No. 229 at 4; Docket No. 249 at 7.] Walker counters that "Defendant cooperated with the requests as best as knowingly possible, however the Defendant does not have the services of computer forensics to call upon to exhume files long before discarded, as a typical business practice to protect privacy." [Docket No. 244 at 3.] Walker also notes that after nearly three years of litigation "Plaintiff is still unable to demonstrate any damages other than fictional losses it feels it has incurred." [Docket No. 243 at 2.] On this last point, Walker's contention may not be too far off the mark.

In the view of the Magistrate Judge, Walker's discovery responses have been uneven at best, and perhaps this characterization is too charitable. On the other hand, given Walker's changing counsel, his present pro se status, and the challenges associated with litigating this case from overseas, Walker has nevertheless managed to persevere during nearly three years of litigation against his apparently well-funded adversary, and now finds himself on the eve of trial. Plaintiff seeks to pull the trial rug out from under Walker by way of default. While admittedly a close call, defaulting Walker strikes the Magistrate Judge as a bit heavy handed. This is particularly so given that the District Judge already has sanctioned Walker for failing to comply with pretrial deadlines, such that Walker will not be allowed to present any witnesses (other than himself) or documents at trial that are not listed on the Plaintiff's final witness and exhibit list.[1]

---

[1]This is not the only sanction Walker has experienced in this litigation. The Magistrate Judge previously recommended that Walker and Essential Health reimburse Plaintiff for certain attorney's fees associated with a discovery position Defendants took in this matter. The Defendants did not object to the Magistrate Judge's recommendation, including the fee award, and the District Judge ordered the fees paid. [Docket Nos. 131, 152.]

[Docket No. 261 at 3.]

If Walker's conduct is as egregious as Plaintiff has claimed from the outset of this case, then Plaintiff should be well positioned to make its case at trial, particularly with Walker now having one hand figuratively tied behind his back. And if Walker has hidden discovery documents and otherwise attempted to game the system as Plaintiff alleges, this could provide Plaintiff trial fodder to further attack Walker's credibility. But asking the Court to default Walker based in part upon facts Walker disputes or attempts to explain goes too far, particularly given the preference for resolving disputes on their merits.

The District Judge referred to the Magistrate Judge the question of whether default should be entered against Walker. [Docket No. 261 at 3.] For the reasons set forth above, the Magistrate Judge concludes that Plaintiff's motion for default as to Walker [Docket No. 226] should be denied.

Dated: 07/08/2011

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Margaret M. Christensen
BINGHAM MCHALE LLP
mchristensen@binghammchale.com

Ryan Michael Hurley
BAKER & DANIELS - Indianapolis
ryan.hurley@bakerd.com

Joseph H. Yeager Jr
BAKER & DANIELS - Indianapolis
jhyeager@bakerd.com