UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

INTERNATIONAL MEDICAL GROUP, INC., )
    *Plaintiff*, )
    )
    *vs*. )    1:08-cv-0923-JMS-TAB
    )
ESSENTIAL HEALTH LTD., )
    *Defendant*. )
    )

### **DAMAGES ORDER ON CLAIMS AGAINST ESSENTIAL HEALTH LTD.**

Earlier this year, Defendant Essential Health Ltd. ("EHL") terminated its relationship with its counsel and was ordered to retain successor counsel because, as a corporation, it cannot appear *pro se*. No counsel appeared, and default judgment was ultimately entered against EHL with respect to Plaintiff International Medical Group's ("IMG") allegations against EHL. [Dkts. 1; 271.]

On July 15, 2011, at the final pre-trial conference held three days before trial was scheduled to begin, IMG appeared by counsel and admitted that it had no evidence of any special or compensatory damages as to any of its counts against EHL.[1] Instead, IMG limited its claim to presumed and punitive damages under its Indiana state law claim for defamation *per se*. IMG asked the Court to extend the concept of presumed damages to its other state law claims, but the Court declined. Accordingly, the defamation *per se* claim became the focus of the further proceedings.

---

[1] The day before that conference, IMG filed a Motion to Voluntarily Dismiss Paul Walker, the principal of EHL, without prejudice. [Dkt. 275.] The Court granted IMG's motion in part at the conference and dismissed all of IMG's claims against Mr. Walker with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). [Dkt. 277.]

A damages hearing was held on July 18, 2011. [Dkt. 277.] IMG filed a post-hearing brief on August 1, 2011. [Dkt. 279.] At the hearing, IMG submitted exhibits, Paul Walker's deposition, and the 30(b)(6) deposition of EHL. All exhibits were admitted solely for purposes of IMG's damages and did not extend the scope of EHL's admitted liability as limited by the allegations of the Complaint. [Dkt. 278.]

The evidence introduced at the hearing established that at the time of the defamatory statements alleged in the Complaint, IMG was, in fact, embroiled in a licensing dispute with insurance regulators from the State of Florida. Those licensing issues were the subject of many of the statements at issue in this case. Specifically, the evidence establishes that IMG was initially unlicensed in Florida, applied for a license, and entered into a consent order. [*See, e.g.*, Damages Hearing Exhibit 71.] The Florida Department of Financial Services later accused IMG of violating the consent order and denied its license application. [Damages Hearing Exhibit 225.] IMG reapplied in 2008 and was ultimately granted a license after expressly acknowledging the jurisdiction of the Florida regulator over its operations impacting Florida. [Damages Hearing Exhibit 356.]

The Florida licensing controversy bears directly on the damages determination this Court must make because while the allegations in the Complaint with respect to liability are deemed admitted in light of EHL's default,[2] allegations relating to the amount of damages are not. *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)

---

[2] Much of the testimony at the damages hearing and the argument in the post-hearing brief focuses on alleged defamatory statements made about IMG's officers and agents. Those statements are not included in the Complaint and, consequently, are not deemed admitted. IMG chose to seek default against EHL on July 1, 2011 and limit itself to the allegations of its Complaint instead of taking the case to trial eighteen days later and introducing relevant evidence that may have exceeded the scope of the Complaint. As a result of IMG's choice to pursue default judgment, evidence concerning statements not referenced in the Complaint will not be considered.

(citation omitted); *see also In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) ("Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true."). Instead, the district court must conduct an inquiry "to ascertain the amount of damages with reasonable certainty." *In re Catt*, 368 F.3d at 793 (citation omitted).

The Court concludes that the evidence of IMG's contemporaneous licensing difficulties with the Florida insurance regulators, reported in at least one reputable business publication, [*see* Damages Hearing Exhibit 225 (*Indianapolis Business Journal* article)], and the subject of a public record in Florida, [Damages Hearing Exhibit 356], undermine any reasonable certainty that EHL's statements caused significant damage to IMG's reputation. Accordingly, although damages are presumed as a matter of law on IMG's defamation *per se* claim and IMG's allegation regarding EHL's malice is deemed admitted, the Court will award nominal presumed and punitive damages.

Having considered the allegations of the Complaint, IMG's judicial admission as to the lack of special or compensatory damages, and the narrow scope of the evidence introduced at the hearing, the Court NOW FINDS:

1. Essential Health Ltd. is hereby enjoined from making any further false statements about IMG to IMG's customers and/or its independent insurance agents, brokers, intermediaries and other producers who market, promote, solicit application for, and otherwise participate in the sale, placement and/or administration of various health, medical and travel insurance plans offered by IMG, and is further enjoined from publishing a defamatory website designed to destroy IMG's business and/or improperly influence the regulatory agencies which review IMG.

2. IMG shall have and recover a judgment in the amount of $1,000 in presumed damages against Essential Health Ltd. on IMG's defamation claim.

3. IMG shall have and recover a judgment in the amount of $1,000 in punitive damages against Essential Health Ltd. on IMG's defamation claim.

All claims in this action have now been resolved. Final judgment will issue accordingly.

09/01/2011

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via Mail only:**

Paul Walker
21a Sherborne Road
Yeovil, Somerset BA21 4HD
UK

Essential Health Ltd.
19 Sherborne Road
Yeovil, Somerset BA21 4HD
UK

**Distribution via ECF only:**

Margaret M. Christensen
BINGHAM MCHALE LLP
mchristensen@binghammchale.com

James Patrick Hanlon
BAKER & DANIELS - Indianapolis
jphanlon@bakerd.com

Ryan Michael Hurley
BAKER & DANIELS - Indianapolis
ryan.hurley@bakerd.com

Carl R. Pebworth
BAKER & DANIELS - Indianapolis
carl.pebworth@bakerd.com

- 5 -

Joseph H. Yeager Jr
BAKER & DANIELS - Indianapolis
jhyeager@bakerd.com